UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          :
JOHN JOSEPH PAWELSKI,                      :
                                          :
                        Plaintiff,         :
                                          :
            v.                             :        Civil Action No. 14-0940 (ABJ)
                                          :
FEDERAL BUREAU OF INVESTIGATION, *et al.*,:
                                          :
                        Defendants.        :
_____  :


<u>**MEMORANDUM OPINION**</u>


This matter is before the Court on Defendant's Motion to Dismiss Alternatively, Motion

for Summary Judgment [ECF No. 9].   The motion is unopposed, and for the reasons stated

below, it will be granted.

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C.

§ 552, and challenges the responses of the Federal Bureau of Investigation ("FBI"), the

Executive Office for United States Attorneys ("EOUSA"), the Drug Enforcement Administration

("DEA"), the Internal Revenue Service ("IRS"), and the Treasury Department's Inspector

General ("TIGTA"), *see* Compl. ¶¶ 1, 4-8, to his requests for information.[1]

From the FBI, plaintiff sought information about himself and the criminal case brought

against him.  Statement of Material Facts As To Which There Is No Genuine Issue ("SOMF") ¶

_____

[1]   Plaintiff also brings this action under the Administrative Procedure Act ("APA"), *see* 5 U.S.C.
§ 704.  *See* Compl. ¶ 1.  Where, as here, plaintiff has an adequate remedy at law under the FOIA
for his challenge to the government's responses to his requests for information, review in the
APA is not available.  *See, e.g., Physicians Comm. for Responsible Medicine v. Dep't of Health
& Human Servs.*, 480 F. Supp. 2d 119, 121 n.2 (D.D.C. 2007).  Accordingly, the Court will grant
defendants' motion to dismiss plaintiff's APA claim.

2.   The FBI denied the request in its entirety on the ground that the requested information was exempt from disclosure under 5 U.S.C. § 552(b)(7)(A).  *Id*. ¶ 5.  In addition, the FBI denied plaintiff's request for expedited processing of his request.  *Id*. ¶ 6.  Although the FBI advised plaintiff of his right to pursue an administrative appeal, *id*. ¶ 5, plaintiff did not do so, *id*. ¶ 7.

Plaintiff also sought information about himself from the EOUSA.  *Id*. ¶ 8.  He neither submitted a proper Certificate of Identity as is required under 28 C.F.R. § 16.41(d) nor identified the particular United States Attorney's office the records of which he wanted searched as is required under 28 C.F.R. § 16.3(b).  SOMF ¶¶ 9-10.  The EOUSA advised plaintiff of these deficiencies, and advised plaintiff that it would process his FOIA request only after plaintiff submitted the necessary information.  *Id*. ¶ 11. The EOUSA did not receive a response from plaintiff, and it closed the matter.  *Id*. ¶¶ 12-13.

The DEA's search for records responsive to plaintiff's FOIA request for information about himself yielded no records.  *Id*. ¶¶ 17-20.  Plaintiff was advised of his right to pursue an administrative appeal of this determination, but he did not do so.  *Id*. ¶ 21.

The IRS determined that two of plaintiff's three FOIA requests inadequately described the records he sought.  *Id*. ¶¶ 23-24, 28-29.  In response to a third FOIA request for information maintained by the IRS pertaining to plaintiff from 1970 to 2013, the IRS released 75 pages of records and withheld 8 pages of records in part on the ground that the records were beyond the scope of the request.  *Id*. ¶ 26.   Plaintiff did not pursue an administrative appeal of these three determinations.  *Id*. ¶ 30.

TIGTA located 451 pages of records responsive to plaintiff's FOIA request, and notified plaintiff that "to receive the documents, he would need to submit a check or money order in the

amount of $70.20 for duplication costs." *Id.* ¶ 37.  Because TIGTA did not receive payment or another response from plaintiff, it closed the case file. *Id.*

On October 16, 2014, the Court issued an Order [ECF No. 11] advising plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to defendants' motion.  Specifically, the Court warned plaintiff that, if he failed to file an opposition to the motion by November 14, 2014, the motion would be treated as conceded. To date, plaintiff neither has filed an opposition to the motion nor has requested an extension of time.  For purposes of this Memorandum Opinion, the above facts are deemed admitted.  *See* LCvR 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues.").

Although the Court may treat the government's unopposed motion as conceded, *see* LCvR 7(b), summary judgment is warranted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Alexander v. FBI*, 691 F. Supp. 2d 182, 193 (D.D.C. 2010) ("[E]ven where a summary judgment motion is unopposed, it is only properly granted when the movant has met its burden.").  Here, defendants have met their burden.

Exhaustion of administrative remedies is generally required before seeking judicial review" under FOIA.  *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam).  A requester's "failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust" administrative remedies.  *West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) (citations omitted).  "Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."  *Oglesby v. U.S. Dep't of the*

*Army*, 920 F.2d 57, 66 (D.C. Cir. 1990).  Defendants demonstrate that plaintiff did not pursue administrative appeals of the determinations of the FBI, the EOUSA, the DEA and the IRS, and that he failed to pay the fees assessed by TIGTA.  Thus, plaintiff failed to exhaust his administrative remedies.  Based on defendants' showing and absent any opposition from the plaintiff, the Court will grant defendants' motion.  An Order is issued separately.


                                                  /s/
                                                  AMY BERMAN JACKSON
DATE:  December 12, 2014                           United States District Judge